IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LUIS HERNANDEZ,<br><br>              Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | No.  CV-10-1451-HU<br><br>ORDER |

Luis A. Hernandez
17206 S.E. Julie Place
Portland, Oregon 97236

    Petitioner Pro Se

Quinn P. Harrington
TRIAL ATTORNEY, TAX DIVISION
United States Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

    Attorney for Defendant

HAGGERTY, District Judge:

    Plaintiff Luis Hernandez seeks to quash a summons issued by the Internal Revenue Service (IRS) to "Wells Fargo Bank National Association."  Defendant United States moves to dismiss the

1 - ORDER

petition for lack of subject matter jurisdiction.  I grant the motion.

Plaintiff initially filed a miscellaneous civil action in this Court on August 31, 2010, which was assigned case number 10-CV-9181, and in which plaintiff sought to quash the same summons as is at issue in this matter.  In the miscellaneous case, the United States moved to dismiss for failure to effect proper service and for failure to state a claim.  In response to the government's ineffective service argument, plaintiff filed this civil action on November 24, 2010, in order to obtain a summons which he could serve on the government.

The right to challenge a third-party IRS summons is created by statute.  Under 26 U.S.C. § 7609(b)(1), a person entitled to notice of a summons may petition to quash such a summons, however, such a proceeding must be initiated "not later than the 20th day after the day such notice is given."  26 U.S.C. § 7609(b)(2)(A).

The record shows that plaintiff received notice of the summons on August 26, 2010.  He filed this action on November 24, 2010, more than twenty days after receiving notice.  As such, the United States has not waived its sovereign immunity to this action and it must be dismissed for lack of subject matter jurisdiction. E.g., Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985) ("[T]he twenty-day limit must be strictly construed because it is a condition precedent to the waiver of sovereign immunity. . . [A] district court does not have jurisdiction under § 7609(h)(1) where the plaintiff has failed to comply with the twenty-day filing requirement of § 7609(b)(2)(A)."); Strong v. United States, 57 F. Supp. 2d 908, 915 (N.D. Cal. 1999) (noting that the twenty-day rule

2 - ORDER

is "jurisdictional in nature.").

Plaintiff also seeks to consolidate this action with the miscellaneous action. Although his motion is entitled "Motion to Correct Filing," it is clear that he seeks to consolidate the actions. Because, in a separate Opinion and Order, I dismiss the miscellaneous action on the merits, there is no basis for consolidation.

## CONCLUSION

The government's motion to dismiss [7] is granted. Plaintiff's motion to correct filing [4] is denied.

IT IS SO ORDERED.

Dated this 16th day of December, 2010.

/a/ Ancer L. Haggerty

Ancer Haggerty
United States District Judge

3 - ORDER